IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CRIM. CASE 97-CR-284(JAF)
99-CR-161(CCC)
99-CR-315(DRD)

UNITED STATES OF AMERICA
PLAINTIFF

V

PEDRO GOMEZ VERA
DEFENDANT

MOTION TO COMPEL THE BUREAU OF PRISONS
TO ABIDE BY IMPOSED SENTENCE

COMES NOW, the defendant, PEDRO GOMEZ VERA, PRO SE and respectfully prays and requests as follows:

**THE ISSUE BEFORE THE COURT**

The defendant seeks refuge from the Bureau of Prisons arbitrary decision to ignore the Judgement of this Court and refuse to credit defendant with time he spent under federal custody at the Metropolitan Detention Center in Guaynabo, Puerto Rico.

**APPLICABLE STATUTES OF RELIEF**

The defendant seeks relief under 18 U.S.C. 3585(b) for reduction of sentence

imposed and 28 U.S.C. 2241© (3) with the hope that the Court will grant extraordinary relief allowing the defendant to serve the sentence imposed by the Court thus eliminating the manifest injustice created by the Bureau of Prisons by denying defendant credit for time spent in federal custody under the supervision or control of MDC.

## CASE HISTORY

1. On June 15th, 1999, defendant was arrested on state charges stemming from Articles 404 and 412 of the Puerto Rico Controlled Substances Act.

2. On July 19th, 1999, defendant was put under the control and custody of the United States Marshall Service and remanded to the Metropolitan Detention Center. Said remand was for violating the terms of supervised release imposed in 1996 in case number 96-190(JAF).

3. On August 12th, 1999, defendant was indicted on the first of three indictments. ( 99-161) Defendant was ordered detained without bail and remanded to MDC. However, independently of his prior arrest for violating his supervised release, defendant on this date attained his status as a pre-trial detainee.

4. On August 25th, 1999, defendant was sentenced and incarcerated at MDC to a term of 15 months for violating said supervised release.

5. On October 6th, 1999, defendant was indicted in case 99-315.

6. On July 6th, 200o, defendant was indicted in case 97-284.

5. On December 12th, 1999, defendant appeared before state authorities and was sentenced to a term of imprisonment to run concurrently with any federal sentence. He was returned to federal custody at MDC that very same day. It should be noted that he was still serving his sentence for violating his supervised release.

6. On September 12th, 2000, all three indictments were consolidated for purposes of plea and sentencing. Defendant pled guilty and sentencing was set for March 5th, 2001.

7. On March 5th, 2001, defendant was sentenced to 151 months to run concurrently with each other, as well as concurrently with the term of imprisonment being served locally and that which was imposed by this Court on August 25th, 1999, on the basis of a revocation in criminal case 96-190(JAF). (ATTACHMENT 1)

Gomez-Vera was informed by the Bureau of Prisons that he would not receive credit for time spent in federal custody from July 19th, 1999 through September 12th, 2000 despite being in federal custody at MDC from July 19th, 1999 through March 5th, 2001 as both a pre-trial detainee in a federal indictment and still serving time for his supervised release violation.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant has exhausted all administrative remedies available to him and now seeks judicial review of the Bureau of Prisons decision. *See Chua Han Mow v.*

*United States*, 730 F.2d 1308, 1313 (CA 9 1984) cert. denied, 470 U.S. 1031 (1985); *United States v. Lucas*, 898 F.2d 1554, (CA 11 1990).

### THE POSITION OF THE BUREAU OF PRISONS

The Bureau's relies primarily on their interpretation on Title 18, Section 3585(b)(2) which provides:

> "(b) Credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> "(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence."

As applied to the chronology of the instant matter, the Bureau lays claim that inmate Gomez-Vera cannot receive credit for the period of July 19th, 1999 (the date of his state sentence) through September 12th, 2000, (change of plea date). First off, the Bureau ignores the fact that Gomez-Vera was in federal custody since July 19th, 1999, serving a 15 month sentence for violating his supervised release and as a pre-trial detained defendant resulting from the first of three federal indictments.

Second, the state charge for controlled substances was the same course of conduct which led to his federal indictments. At the time of his federal sentencing, the state sentence was still undischarged, permitting the Court to sentence him to

concurrent federal/state terms.

The Bureau relies on the often commentated case of *United States v. Wilson*, 503 U.S. 329 (1992). The case centers on whether a district court has the authority to credit a defendant with time served while in **state custody** against his federal sentence, *at the time of sentencing*. Despite the Bureaus's reliance, this holding is not at issue here for as stated before, Gomez-Vera was not in state custody nor had he received any credit for his state sentence.

Section 5G1.3(b) of the United States Sentencing Guidelines establishes that a Court may impose a concurrent sentence when there is an undischarged term of imprisonment at the time of sentencing. *See United States v. Rizzo*, 121 F.3d 794, 800 (1st. Cir. 1997). Thus, a defendant's eligibility for credit is derivative of his eligibility for a concurrent sentence. *United States v. Ramirez*, Citation Omitted, (1st Cir.2000) A Court has the discretion to impose a sentence for supervised release and along with the primary sentence and has done so.

The Bureau seeks to reinforce its position by relying on *United States v. Labeille-Soto*, 163 F.3d 93, (2d Cir. 1998). The facts of this case make it clearly distinguishable from the present case. Again, defendant was in state custody for the time for which he sought credit. His state sentence had been fully discharged by the time he was sentenced federally. Also, federal prosecution had not begun.

Despite distinguishable facts the case law cited by the Bureau establishes the

undeniable fact that a District Court Judge has the authority under 5G1.3(b) to order concurrent sentences and allow for credit for undischarged state sentences or violations for supervised release. Not only did the Court properly exercise this authority by sentencing Gomez-Vera to concurrent sentences but took into account that he had been under uninterrupted federal custody since July 19th, 1999.

More to the point is the disparity between the Sentencing Commission's policy in section 7 of the guidelines and the 18 U.S.C. 3584 which allows the court to consider factors set forth in 18 U.S.C. 3585(a) and order a concurrent sentence to any undischarged term of imprisonment. The policy statements of the Sentencing Commission discourage this by stating that supervised release sanctions be imposed consecutively to any other term of imprisonment. It is noted that the Commissions policy statements have never been anything more than advisory. In the case of conflict the statute must prevail. See United States v. Schaefer, 107 F.3d 1280 (7th Cir. 1997)

## ISSUE

It is clear that the Bureau of Prisons has chosen to ignore the sentence of the Court by refusing to credit defendant with the 15 months imposed for his violation of supervised release.

The Bureau has consistently adopted the position that they are in charge of sentencing and not a Federal Judge. Despite the clear order of the Judge that said

sentence should be concurrent with the sentence imposed for the supervised release violation, the Bureau has ignored it.

After Booker, Courts now enjoy more latitude in sentencing and are not constrained by the now advisory guidelines. However, it seems that the defendant, the prosecution and more importantly the Court, find themselves impeded to negotiate and impose a sentence that is considered both appropriate and reasonable.

First of all, a Court can overcome the practical impediment of sentencing concurrently in whatever matter it sees fit. See U.S. v. Caldwell, 358 F.3d 138 (1st Cir. 2004).

Second, defendant has a right to credit for time incarcerated prior to his sentence under 18 U.S C. 3585(b). Congress gave the Courts this right and the Bureau of Prisons can not manipulate it at its whim.

## CONCLUSION

There can be no doubt that the Judgement of this Court was crystal clear. The Bureau's refusal to credit Gomez-Vera with time he spent in federal custody is simply mind boggling. The relentless attack on the authority of the Federal Judiciary now appears to be joined by the Bureau of Prisons. They have taken it upon themselves to determine the length of a defendant's sentence in direct contravention

with the properly exercised authority of a Federal Court. As Justice Stevens and White noted in their eloquent dissent in *Wilson*, ... "the value of the procedure is noted whereby the offender, the victim and society all know the prison release date at the time of the initial sentencing by the court..."

This Court did its best to enter a clear and legally permissible judgement. The Bureau of Prisons now attempts to ignore it. For this reason we seek remedy which only this Court may provide.

WHEREFORE, it is requested that this Court order the Bureau of Prisons to credit inmate Gomez-Vera with the time he spent in federal custody from July 19th, 1999 through September 12th, 2000.

Respectfully Submitted, this 20th day of May of 2008.

*[signature]*
Pedro Gomez Vera
Reg. # 13074-069
Metropolitan Detention Center
P.O. Box 2005
Catano, PR 00963-2005

CERTIFICATE OF SERVICE

I hereby certify that on May 20th, 2008, I filed the foregoing Pro-Se motion with the Clerk of the Court which will send notification of such filing to the following: United States Attorney's Office and all other pertinent parties.

At San Juan, Puerto Rico, this 20th day of May of 2008.

Pedro Gomez Vera