IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
2008 JUN 30 AM 9: 29
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

CRIM. CASE 97-CR-284(JAF)
99-CR-161(CCC)
99-CR-315(DRD)

UNITED STATES OF AMERICA
PLAINTIFF

V

PEDRO GOMEZ VERA
DEFENDANT

## MOTION REQUESTING RE-SENTENCING OF DEFENDANT

COMES NOW, the defendant, PEDRO GOMEZ VERA, PRO SE and respectfully prays and requests as follows:

### HISTORY

On June 12th, 2008, this Court denied my request for an order to compel the Bureau of Prison's to credit me with a term of 15 months. If I understand correctly the position of the Bureau is that I am not entitled to this credit because the primary jurisdiction belonged to the Commonwealth of Puerto Rico and not the Federal Government despite being in the custody of MDC. According to the letter dated June 4th, 2008, (SEE ATTACHMENT 1, PAGE 1), I was erroneously designated to MDC and remained in Federal custody, despite being sentenced on my supervised

violation on August 25th, 1999 to a term of 15 months.

Throughout the years I have spent in federal custody I have exhausted all remedies in attempting to clarify my situation only to be denied judicial relief due to an error by the BOP. Because of this error I have suffered great prejudice. As I will demonstrate, this error by the BOP is far from harmless. Although these computation sheets seem to be devoid of error let me state that they are man generated and far from perfect.

In the computation sheet now provided to you by the BOP it reflects that I did not begin to serve my supervised release violation until March 5th, 2001, the date of my sentence for three indictments.(SEE ATTACHMENT 1, PAGE 2, PARAGRAPH 3). Yet, on my computation sheet dated April 1st, 2008, it clearly indicates that my satisfaction date for the supervised release violation was September 26th, 2000. (SEE ATTACHMENT 2, PAGE 6.) This computation was done only 2 months ago. Now the BOP states that this computation is wrong and that my supervised release sentence not only was not satisfied in September of 2000, but that I never began to serve said sentence until March 5th, 2001. I hope you can now understand my frustration and confusion.

After careful review of your order and the BOP documents I can fully understand the position the Court is in. I myself have trouble following the dates and complex calculations and I am the moving party. I have sought advise and help from

my previous counsel and I was told that I should take another approach focusing on the intentions of the parties and the sentencing judge.

It now seems clear that the problem lies in the fact that a federal judge does not have the statutory authority to order the BOP to credit time spent in federal custody if said order conflicts with BOP policy and Title 18 U.S.C. 3585(b). This seems to be my case.

## THE CONSEQUENCES OF BOP'S MISTAKE

If not for the mistake committed by BOP I would not have to seek judicial remedy to my situation. The mistake affected the ability of my attorneys and the U.S. Attorney's office in negotiating my plea. It affected my consent to the plea. It misled the office of Probation and more importantly it caused the judge to sentence me to a term which could not be imposed.

When I was designated to BOP for my supervised release violation and then as a pre-trial detainee, it was the understanding of all involved that I was to be credited for the time I spent in pre-trial detention. All inmates under the custody of the BOP understand this. It was also the main negotiating point between the U.S. attorney and my counsel. Inmates contemplating a plea only need to know two things; the length of my sentence and when am I going to get out. In my case, I presumed that my time in MDC would be subtracted from my final sentence and that I would have been given credit for the time in pre-trial detention. This was taken into account by

my lawyers and the U.S. attorney. I refuse to believe that Ausa Jacobed Rodriguez would have deceived me and my lawyers and consented to the 151 months to be served concurrently knowing that this sentence would not be honored by the BOP. I refuse to believe that the probation officer would have endorsed a sentence that could not be effectively put into place. Probation officers are very aware of mistakes in calculations and quickly bring them to the attention of all parties.

I refuse to believe that a Federal Judge, when sentencing a defendant to a term of imprisonment, would allow a defendant to be misled as to the amount of time to be served. You presumed as did all other parties that I was a pre-trial detainee entitled to pre-trial credit. You honored the plea agreement and ordered my sentence to be concurrent with my state and supervised release sentence. Your presumption, as with all other parties, became erroneous years later due solely to a mistake by BOP.

I agreed to serve 151 months, not 166 months. The AUSA and my attorneys agreed to 151 months, not 166 months. You sentenced me to 151 months, not 166. I was under the custody of the Federal government serving my supervised release sentence and as a pre-trial detainee. I was not on loan from the Commonwealth of Puerto Rico. Every party involved in my case understood this to be the situation. Now, BOP claims it made a mistake causing my sentence to carry an additional 15 months. I have no doubt in my mind that if I was not to receive this jail credit the prosecutor would have agreed to 136 months. This would take into account the

uncredited 15 months that I spent in pre-trial detention. If not for this mistake other remedies would have been available to me at the time of both plea negotiations and most definitely at the time of sentencing.

### THE ONLY AVAILABLE REMEDY

It is clear from the BOP documents and present statutes that the Court has no authority order BOP to credit me with the time spent in pre-trial detention. Any order to this effect would be rejected. If I had been returned to State authorities with a detainer then there would be no problem. In fact, the U.S. Marshall's Office designated me to MDC and never bothered to lodge a detainer with state officials because I was under FEDERAL CUSTODIAL JURISDICTION, NOT COMMONWEALTH JURISDICTION.

Therefore, I respectfully request that the Court amend its sentence and apply Section 5G1.3 and credit me via a departure the 15 months I spent in pre-trial detention in MDC. This is the formula suggested in U.S. v. Caldwell, 358 F.3d 138 (1st Cir. 2004). U.S. v Barrera-Saucedo, 385 F.3d 533 (5th Cir. 2004). It is the only formula that will correct my sentence and serve the term imposed by the Court. This departure will reflect the intentions of the parties and the Court which must reign supreme and not thwarted by complex policies imposed 8 years later.

Respectfully Submitted, this 26th day of June of 2008.

*Pedro Gomez Vera*
Pedro Gomez Vera
Reg. # 13074-069
Metropolitan Detention Center
P.O. Box 2005
Catano, PR 00963-2005

## CERTIFICATE OF SERVICE

I hereby certify that on June 26th, 2008, I filed the foregoing Pro-Se motion with the Clerk of the Court which will send notification of such filing to the following: United States Attorney's Office and all other pertinent parties.

At San Juan, Puerto Rico, this 26th day of June of 2008.

*Pedro Gomez Vera*
Pedro Gomez Vera